UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL TRADE COMMISSION,

        Plaintiff,

v.                                                 Case no. 8:24-cv-1459-JLB-AAS

LEGION MEDIA, LLC, et al.,

        Defendants.
_____/

## ORDER

This matter comes before the Court on the Receiver's Unopposed Motion to Approve Settlement with Pathward, National Association ("Pathward"). (Doc. 115). The Motion asks the Court to approve the Settlement Agreement regarding the turnover of money owned by certain Receivership Entities in credit card reserve accounts under Pathward's control. (*Id.*; Doc. 115-1). After careful review of the Settlement Agreement and the Motion, the Court agrees with the Receiver that the Settlement Agreement should be approved. The Motion is **GRANTED**.

## BACKGROUND

Plaintiff, Federal Trade Commission, filed its Complaint against Defendants Harshil Topiwala, Manindra Garg and Kirtan Patel (the "Individual Defendants"), as well as Defendants Legion Media, LLC, KP Commerce, LLC, Pinnacle Payments, LLC and Sloan Health Products, LLC, alleging that the Defendants operated as a "common enterprise" to commit violations of various provisions of federal law. (Doc. 1). The Court issued a Temporary Restraining Order ("TRO") appointing a receiver

to "assume control" of the Company Defendants. (Doc. 17 at 21). Without objection, the Receiver then expanded the receivership to include the non-parties Black Window Group, LLC, F&B Cosmetics, LLC, Face and Body, LLC, H&M Distribution, LLC, HK Distribution, LLC, and Larchwood Distribution, LLC. (Doc. 25).

Defendants KP Commerce, LLC and Pinnacle Payments, LLC were parties to merchant processing agreements with Pathward, under which Pathward agreed to accept credit and debit card payments made to KP Commerce and Pinnacle Payments by consumers. (Doc. 115 at 5–6). These agreements allowed Pathward to collect and utilize "reserves" to cover chargeback claims. (*Id.*). As of the Receiver's appointment, Pathward held $751,469.68 in reserves for KP Commerce and Pinnacle Payments. (*Id.* at 6).

When KP Commerce and Pinnacle Payments ceased operations, they were replaced by Black Window Group, LLC and Larchwood Distribution, LLC—both of which were owned and controlled by the Individual Defendants. (*Id.* at 6–7). As of the Receiver's appointment, Pathward held $3,645,676.10 in reserves for Black Window Group and Larchwood Distribution. (*Id.* at 7).

The Court issued a Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief as to Harshil Topiwala, Legion Media, LLC, and Pinnacle Payments, LLC ("Topiwala Settlement Order") directing Pathward to "transfer to the Receiver all assets held in the reserve accounts held in the name of or for the benefit of Black Window Group, LLC, KP Commerce, LLC, Larchwood

Distribution, LLC, and Pinnacle Payments, LLC."[1] (Doc. 97 at 21). The Receiver reports that the total amount held in the reserve accounts is $4,397,145.78. (Doc. 115 at 1–2).

Pathward disputes its obligation to turn over the funds, arguing that the relevant companies had rights in the collateral at the time they signed the merchant processing agreements with Pathward. (*Id.* at 8–9). Pathward also contends that because it is a non-party to this action, it is not bound by the Topiwala Settlement Order. (*Id.* at 4). Under the proposed settlement, Pathward would pay $3,001,469.68 to the Receiver. (*Id.* at 1–2).

## LEGAL STANDARD

"A district court reviews settlements proposed by receivers for fairness, reasonableness, and adequacy." *Sec. & Exch. Comm'n v. 1 Glob. Cap. LLC*, No. 18-CV-61991, 2018 WL 8050527, at *2 (S.D. Fla. Dec. 27, 2018) (citing *Sterling v. Stewart*, 158 F.3d 1199, 1203 (11th Cir. 1998)). Approval of a settlement agreement is "left to the sound discretion of the trial court." *Sterling*, 158 F.3d at 1202 (quotation omitted). In considering approval of a receiver's proposed settlement, a district court should examine the following factors:

> (1) the likelihood of success at trial; (2) the range of possibl[e] recovery; (3) the point or below the range of recovery at which settlement is fair, adequate, and reasonable; (4) the complexity, expense, and duration of litigation; (5) the substance and amount of opposition to the proposed settlement; and (6) the stage of the proceedings at which the settlement was achieved.

---

[1] A similar provision is in the Court's Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief as to Kirtan Patel and KP Commerce, LLC. (Doc. 99 at 19).

*Sec. & Exch. Comm'n v. 1 Glob. Cap. LLC*, No. 18-CV-61991, 2018 WL 8050527, at *2 (S.D. Fla. Dec. 27, 2018) (citing *Sterling*, 158 F.3d at 1204 n.6).

## DISCUSSION

After considering these factors, the Court agrees with the Receiver that the Receivership Estate's best interests are served by avoiding potentially expensive, uncertain litigation in favor of the unopposed Settlement Agreement.

### I. Likelihood of Success and Complexity, Expense, and Duration of Litigation.

Both the first and fourth factors weigh in favor of approving the Settlement Agreement. The merchant processing agreements are governed by Texas law, which specifies that a security interest attaches only if "the debtor has rights in the collateral or the power to transfer rights in the collateral to a secured party." Tex. Bus. & C. Code § 9.203(b)(2). The Receiver and Pathward dispute whether KP Commerce, Pinnacle Payments, Black Window Group, or Larchwood Distribution had "rights in the collateral" as of the time they signed the merchant processing agreements. Pathward argues that they did because they had possession and control of the money received from consumers, whereas the Receiver maintains that the money was stolen from consumers and that the aforementioned companies could not have rights in stolen property.

The Receiver acknowledges that there is limited case law on this issue and that the litigation would likely be time consuming and expensive. No objection was filed opposing the Receiver's analysis. Thus, the Court gives weight to the

Receiver's determination and finds that this factor weighs in favor of approving the settlement.

## II. Range of Possible Recovery and Point at which Settlement is Fair, Adequate, and Reasonable.

The second and third factors likewise favor settlement approval. The Receiver will recover $3,001,469.68 of the $4,397,145.78 at issue. This is nearly 70% of the total amount. *See 1 Glob. Cap. LLC*, 2018 WL 8050527, at *3 (approving settlement proposal where the receiver recovered approximately 70% of the total funds). Additionally, settlement avoids the necessity of potentially expensive discovery and other actions.

## III. Substance and Amount of Opposition to the Settlement.

The proposed settlement is not opposed. Therefore, this factor weighs in favor of approving the Settlement Agreement.

## IV. Stage of Proceedings at which the Settlement was Achieved.

The Receiver and Pathward agreed to the proposed settlement without formal proceedings. As a result, there are no litigation expenses offsetting the recovery. Given these circumstances, the sixth factor favors approval of the Settlement Agreement.

## CONCLUSION

For the foregoing reasons, the Receiver's Motion (Doc. 115) is **GRANTED**. The Court finds that the Settlement Agreement is fair, reasonable, and adequate and therefore approves the Settlement Agreement. The Receiver and other parties are authorized to proceed to effectuate the settlement transaction in accordance

with the Settlement Agreement.

**ORDERED** in Tampa, Florida, on February 28, 2025.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE