UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FEDERAL TRADE COMMISSION,**

    **Plaintiff,**

v.                                          **Case No.: 8:24-cv-1459-JLB-AAS**

**LEGION MEDIA, LLC, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Mark J. Bernet (the Receiver), as receiver for Legion Media, LLC, KP Commerce, LLC, Pinnacle Payments, LLC, Sloan Health Products, LLC, Black Window Group, LLC, F&B Cosmetics, LLC, Face and Body, LLC, H & M Distribution, LLC, HK Distribution, LLC, and Larchwood Distribution, LLC, files this second application for payment of services rendered and reimbursement for costs incurred by his primary attorneys, the law firm of Akerman LLP (Akerman). (Doc. 124). The Receiver requests payment of $145,333.00 in fees and reimbursement of $780.30 for expenses incurred from August 10, 2024, through October 31, 2024 (the Second Interim Fee Period). The Receiver's request is unopposed. (*Id.*, pp. 1, 17). For the reasons stated below, it is **RECOMMENDED** that the Receiver's motion be **GRANTED in**

1

**part and DENIED in part**.

I.   ANALYSIS

The issue before the court is whether the requested fees and expenses are reasonable.

   A.   Attorney's Fees

Reasonable compensation for the Receiver is determined by using the lodestar approach. *F.T.C. v. MOBE Ltd.*, No. 6:18-cv-862-Orl-37DCI, 2019 WL 7502748, at *2 (M.D. Fla. Dec. 23, 2019) (citing *S.E.C. v. Aquacell Batteries, Inc.*, No. 6:07-cv-608-Orl-22DAB, 2008 WL 276026, at *3 (M.D. Fla. Jan. 31, 2008)), *report and recommendation adopted by* 2020 WL 94569 (M.D. Fla. Jan. 8, 2020). The lodestar figure is determined by "multiply[ing] the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (internal quotations omitted). The "lodestar" carries a strong presumption of reasonableness but may be adjusted by the court. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999); *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). The fee applicant must demonstrate reasonableness, which includes "supplying the court with specific and detailed evidence." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). In addition,

a court may use its own experience in assessing the reasonableness of the requested rate. *Id.*

### 1. Hourly Rate

"[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The court may consider its own experience and the factors outlined in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) to determine the reasonableness of a requested rate.[1] *See Norman*, 836 F.2d at 1303. Sufficient evidence often includes the rates lawyers charge in similar circumstances or opinion evidence of reasonable rates. *Id.*

The Receiver is a 1986 graduate of the Notre Dame Law School. The

---

[1] The *Johnson* factors are: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. The Eleventh Circuit has subsequently explained that "district courts may, but are not required to, consider [the *Johnson*] factors since many 'usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.'" *Mock v. Bell Helicopter Textron, Inc.*, 456 F. App'x 799, 801 (11th Cir. 2012) (quoting *ADA v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 n.1 (11th Cir. 2006)).

3

Receiver holds an AV rating from Martindale Hubbell as an attorney, and he has received numerous receivership appointments in cases involving allegations of fraudulent misconduct and unlawful business practices, such as those involved in this case, from courts in Florida and Illinois. The Receiver has served as a receiver for more than 150 entities in approximately 25 lawsuits since 2003 in cases filed in Florida, Georgia, and Illinois.

Considering the Receiver's experience, skill, and lack of objection, the undersigned recommends the court find the Receiver's billing rate of $415.00 per hour is reasonable. *See Commodity Futures Trading Comm'n v. Larralde,* No. 6:23-CV-1445-WWB-DCI, 2024 WL 2132784, at *4 (M.D. Fla. Apr. 26, 2024), *report and recommendation adopted sub nom. Commodity Futures Trading Comm'n v. Valcarce,* No. 6:23-CV-1445-WWB-DCI, 2024 WL 2874641 (M.D. Fla. May 29, 2024) (finding $395.00 per hour rate for receiver is reasonable); *Fed. Trade Comm'n v. First Choice Horizon LLC,* No. 6:19-CV-1028-ORL-40LRH, 2020 WL 1431526, at *3 (M.D. Fla. Jan. 15, 2020), *report and recommendation adopted,* No. 6:19-CV-1028-ORL-40LRH, 2020 WL 1431601 (M.D. Fla. Jan. 31, 2020) (considering several factors in concluding that an hourly rate of $350.00 was reasonable for a court-appointed receiver in the Middle District of Florida in 2020).

### 2.     Hours Expended

When billing fees to the receivership estate, the Receiver must exercise proper judgment and narrow their work to what is reasonable and necessary. *F.T.C. v. Peoples Credit First, LLC*, No. 8:03-cv-2343-T-17TBM, 2005 WL 3981599, at *4 (M.D. Fla. Apr. 19, 2006). To demonstrate the reasonableness of the hours billed, the fee applicant "should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303.

The Receiver requests $145,333.00, representing 350.2 hours expended over the Second Interim Fee Period at an hourly rate of $415.00. (*See* Doc. 124-1). During this time, the Receiver, among other things, participated in settlement discussions, secured financial and other records, and dealt with tax and other operational issues, and asset recovery. (*See* Doc. 124, pp. 6–9). The Receiver delineated his work on these matters in the time sheets attached to the motion. (*See* Doc. 124-1). After thoroughly reviewing the Receiver time ledger, the undersigned recommends that the court finds the 350.2 hours

expended reasonable.

### B.     Expenses

The Receiver requests $780.30, representing alleged out-of-pocket expenses incurred during trips to Pittsburgh and Houston. (*See* Doc. 124-1, p. 10). However, without receipts, the court cannot verify these expenses or their reasonableness. (*Id.*). Thus, the undersigned recommends the Receiver's request for reimbursement of expenses be denied.

## II.    CONCLUSION

For the reasons stated, it is **RECOMMENDED** that the Receiver's motion for payment of services rendered and reimbursement of expenses incurred during the Second Interim Period (Doc. 124) be **GRANTED in part and DENIED in part**, and the Receiver be awarded attorney's fees of **$145,333.00.**

**ENTERED** in Tampa, Florida, on April 2, 2025.

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge

### NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of

this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.