UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FEDERAL TRADE COMMISSION,**

      **Plaintiff,**

v.                                                    **Case No.: 8:24-cv-1459-JLB-AAS**

**LEGION MEDIA, LLC, et al.,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Mark J. Bernet (the Receiver), as receiver for Legion Media, LLC, KP Commerce, LLC, Pinnacle Payments, LLC, Sloan Health Products, LLC, Black Window Group, LLC, F&B Cosmetics, LLC, Face and Body, LLC, H & M Distribution, LLC, HK Distribution, LLC, and Larchwood Distribution, LLC, files this first application for payment for services rendered and reimbursement for costs incurred by his primary attorneys, the law firm of Akerman LLP (Akerman).[1] (Doc. 123). The Receiver requests authority to pay Akerman $48,449.50 as fees for services rendered beginning June 28, 2024, through January 31, 2025 (First Interim Fee Period). (*Id.*). The Receiver also requests authority to reimburse Akerman $2,435.51 for costs incurred during

---

[1] The Receiver accounted for the time he expended on this matter and requested compensation for his services separately. (*See* Docs. 102, 124).

1

the First Interim Fee Period. (*Id.*). The request is unopposed. (*Id.*, pp. 2, 15–16). For the reasons stated below, it is **RECOMMENDED** that the Receiver's motion be **GRANTED in part and DENIED in part**.

## I.    ANALYSIS

The issue before the court is whether the requested fees and expenses are reasonable.

### A.    Attorney's Fees

In determining the reasonableness of fees, the court must calculate the lodestar. *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983). The lodestar figure is determined by "multiply[ing] the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (internal quotations omitted). The "lodestar" carries a strong presumption of reasonableness but may be adjusted by the court. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999); *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). The fee applicant must establish reasonableness, which includes "supplying the court with specific and detailed evidence." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). In addition, a court may use its own experience to assess the reasonableness of the requested rate. *Id.*

### 1.    Hourly Rate

"[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The court may consider its own experience as well as the factors outlined in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) to determine the reasonableness of a requested rate.[2] *See Norman*, 836 F.2d at 1303. Sufficient evidence often includes the rates lawyers charge in similar circumstances or opinion evidence of reasonable rates. *Id.*

While the Receiver performed most of the required legal services for the Receivership Entities, he relied on the assistance of Akerman's paralegals Sal Papsidero and Mary McLees, as well as attorney Benjamin Robinson. (*See* Doc.

---

[2] The *Johnson* factors are: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. The Eleventh Circuit has explained that "district courts may, but are not required to, consider [the *Johnson*] factors since many 'usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.'" *Mock v. Bell Helicopter Textron, Inc.*, 456 F. App'x 799, 801 (11th Cir. 2012) (quoting *ADA v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 n.1 (11th Cir. 2006)).

123, p. 3). The Receiver identifies hourly rates of $300.00 and $350.00 for

Paralegals Papsidero and McLees, respectively. (*Id.*, pp. 8–10). The Receiver

also identifies an hourly rate of $395.00 for Attorney Robinson. (*Id.*, p. 10).

However, the fee petition indicates the requested $48,449.50 in fees accounts

for 140.1 hours of work at a "blended hourly rate of approximately $345.82."

(*Id.*, p. 2).

The undersigned finds the court's discussion in *Lincare, Inc. v. Markovic*

instructive regarding the requested paralegal hourly rates. 2023 WL 7411510

(M.D. Fla. June 30, 2023), report and recommended adopted, 2023 WL 7411545

(M.D. Fla. July 26, 2023). There, the court found the lead counsel's hourly rate

of $500.00 to be reasonable but stated the following with respect to the

paralegals' requested $200.00 hourly rate:

> On the other hand, based on my knowledge and experience, an
> hourly rate of $200 for a paralegal is unreasonable in this
> community. I typically award an hourly rate of $100.00 for
> paralegal services. *See, e.g., Nestor v. VPC3 II LLP*, No. 8:20-CV-
> 265-CEH-TGW, 2022 WL 18586972 at *4 (M.D. Fla. Dec. 29, 2022)
> ("[B]ased on my review of the relevant authorities and my own
> experience, an hourly rate of $100.00 for [the paralegal] is
> reasonable."); *Rudy v. USI Sols*, No. 8:21-CV-585-JSM-TGW, 2022
> WL 610785 at *10 (M.D. Fla. Mar. 2, 2022). However, based on
> these paralegals' lengthy experience and qualifications, and the
> lack of opposing evidence, I recommend the (generous) hourly rate
> of $150.

*Lincare, Inc.,* 2023 WL 7411510, at *5. The undersigned likewise finds an

4

hourly rate for Paralegals Papsidero and McLees of $150.00 to be generous but also reasonable, considering their years of experience. *See Fed. Trade Comm'n v. Vision Online, Inc.,* No. 6:23-CV-1041-WWB-DCI, 2023 WL 7129506, at *4 (M.D. Fla. Oct. 17, 2023), report and recommendation adopted, No. 6:23-CV-1041-WWB-DCI, 2023 WL 9792568 (M.D. Fla. Nov. 20, 2023) (finding a $150.00 hourly rate for Paralegal Papsidero reasonable); *Nestor v. VPC3 II LLP,* No. 8:20-cv-265-CEH-TGW, 2022 WL 18586972, at *4 (M.D. Fla. Dec. 29, 2022) (finding a paralegal hourly rate of $100.00 reasonable); *Fed. Trade Comm'n v. MOBE Ltd.*, No. 6:18-CV-862-ORL-37DCI, 2019 WL 3781639, at *4 (M.D. Fla. July 25, 2019), report and recommendation adopted, No. 6:18-CV-862-ORL37DCI, 2019 WL 3778330 (M.D. Fla. Aug. 12, 2019) (setting the hourly rates for two paralegals at $150.00 and $125.00).

The Receiver also utilized the services of Attorney Robinson and indicates a pre-blended hourly rate of $395.00. (Doc. 123, p. 10). Attorney Robinson is a 2022 law graduate specializing in commercial litigation. (*Id.*). Considering the undersigned's experience and the relevant authority, the undersigned recommends that the court reduce Attorney Robinson's hourly rate to $300.00. *See Vision Online, Inc.*, 2023 WL 7129506, at *5 (finding an hourly rate of $275.00 to be reasonable for work performed by an associate that

the Receiver hired for assistance with a case); *Melendez v. Dixon,* No. 3:20-CV-1023-BJD-JBT, 2023 WL 3073639, at *2 (M.D. Fla. Apr. 25, 2023) (finding an hourly rate of $237.00 reasonable for an attorney with three years of experience); *EEOC v. Chalfont & Assocs. Grp., Inc.*, No. 6:19-cv-1304-ORL-78GJK, 2020 WL 1433054, at *4 (M.D. Fla. Mar. 24, 2020) (finding a reasonable hourly rate for an attorney with one to three years of experience is $250.00).

### 2.    Hours Expended

To demonstrate the reasonableness of the hours billed, the fee applicant "should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303.

During the First Interim Fee Period, Akerman recorded 140.1 hours of billable time. The Receiver's requested "blended hourly rate" of $345.82 would result in fees of $48,449.50. As for the blended rate, the Receiver provides no analysis of why the calculation is appropriate or how the number is derived. *See Vision Online, Inc.*, 2023 WL 7129506, at *4, n. 11 (rejecting the Receiver's request for a blended hourly rate). Regardless, since the undersigned rejects

the proposed hourly rates and has used discretion to arrive at a reasonable number, the blended hourly rate does not apply here.

During the First Interim Fee Period, Paralegals Papsidero and LcLees recorded 50.4 and 45.6 hours, respectively. During this time, they researched corporate filings for unlawful activities, researched and organized banking information for the Receivership Entities, assisted with assembling necessary tax information for the Receiver's tax accountants, maintained ledgers for the Receiver's bank accounts, and conducted monthly reconciliations. (*See* Doc. 123, pp. 7–8). Attorney Robinson recorded 42.9 hours. During this time, he assisted in litigation, including a pending Florida state-court lawsuit, and drafted a discovery motion. (*Id.*, p. 10).

Akerman delineated its work on these matters on the time ledgers attached to the instant motion. (*See* Doc. 123-1, pp. 2–15). After thoroughly reviewing these time ledgers, the undersigned recommends that the court find that 138.9 hours requested in the motion and supported as expended is reasonable.[3] Applying the lodestar method, the undersigned recommends that

---

[3] The Receiver requests fee compensation for 140.1 hours, but the motion only accounts for 138.9 hours: 50.4 for Paralegal Papsidero, 45.6 for Paralegal McLees, and 42.9 for Attorney Robinson. (*See* Doc. 123, pp. 9–10). The other 1.2 hours appear to have been billed by C. W. Wood (0.4 hours) and R. Wong (0.8 hours). (*See* Doc. 123-1, p. 19).

Akerman be awarded its paralegal fees of $14,400.00 (96 hours x $150.00) and

attorney's fees of $12,870.00 (42.9 hours x $300.00). Accordingly, the

undersigned recommends a reasonable fee award of $27,270.00.

### B.    Expenses

During the First Interim Fee Period, Akerman recorded expenses

totaling $2,435.51. (*See* Doc. 123-1, pp. 16–17). These expenses include online

search services, charges for obtaining certificates of good standing, service of

process, a filing fee, and Federal Express delivery charges. (*Id.*). "[R]equests

for reimbursement of expenses must be supported by sufficient information for

the Court to determine that the expenses are actual and were necessarily

incurred." *F.T.C. v. Worldwide Info Servs., Inc.*, No. 6:14-cv-8-Orl-41DAB, 2015

WL 3953761, at *3 (M.D. Fla. June 29, 2015) (citations omitted). "When out-of-

pocket expenses represent legitimate, reasonable expenditures actually

incurred by the Receiver . . ., it is reasonable that they should be reimbursed."

*S.E.C. v. Kirkland*, No. 6:06-cv-183-Orl-28KRS, 2007 WL 470417, at *4 (M.D.

Fla. Feb. 13, 2007).

The listed expenses do not include receipts, invoices, or any information

as to why these expenses are necessary and reasonable. *See Fed. Trade*

*Comm'n v. Higher Goals Mktg. LLC*, No. 6:17-CV-2048-ORL-41LRH, 2020 WL

13094594, at *6 (M.D. Fla. Nov. 19, 2020), report and recommendation adopted, No. 6:17-CV-2048-ORL41LRH, 2021 WL 7450449 (M.D. Fla. Feb. 2, 2021) (denying reimbursement of a service expense when the affidavit was silent as to why it was necessary to serve the subpoena); *Fed. Trade Comm'n v. First Choice Horizon LLC,* No. 6:19-CV-1028-ORL-40LRH, 2020 WL 1431526, at *4 (M.D. Fla. Jan. 15, 2020), report and recommendation adopted, No. 6:19-CV-1028-ORL-40LRH, 2020 WL 1431601 (M.D. Fla. Jan. 31, 2020) (allowing affidavit testimony to establish that the Receiver's expenses were reasonable and necessary). For example, the Receiver requests reimbursement of a filing fee dated November 4, 2024. (*See* Doc. 123-1, p. 17). However, this action was filed on June 17, 2024, so it is unclear what action the requested filing fee represents. The Receiver also requests reimbursement of "service of process" on nine individuals and entities. (*Id.*, p. 18). Again, it is unclear who these recipients are and why service was necessary and reasonable. Thus, the undersigned recommends that the Receiver's request for expenses be denied.

## II.    CONCLUSION

For the reasons stated, it is **RECOMMENDED** that the Receiver's motion for payment of services rendered and reimbursement of expenses

incurred by Akerman (Doc. 123) be **GRANTED in part and DENIED in part**, and Akerman be awarded reimbursement of **$27,270.00** in fees.

**ENTERED** in Tampa, Florida, on April 8, 2025.

_Amanda Arnold Sansone_
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.