UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL TRADE COMMISSION,

    Plaintiff,

Case No. 8:24-cv-1459-JLB-AAS

MANINDRA GARG, et al.,

    Defendants.
_____/

### DEFENDANT, MANINDRA GARG'S MOTION FOR PROTECTIVE ORDER

Defendant Manindra Garg moves for a protective order in response to a Notice of Service (the "Notice") of a "Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in Civil Action" (the "Subpoena") served by the Receiver on April 14, 2025. The Notice and Subpoena are attached as Exhibit A. Mr. Garg has settled with Plaintiff, the Federal Trade Commission ("FTC" or "Plaintiff"), and the requests contained in the Subpoena do not relate to any litigation currently pending between the Receiver and Mr. Garg. These requests are a fishing expedition and not a proper use of the discovery process. The grounds supporting this motion are set forth in the following Memorandum.

1

**MEMORANDUM**

I.   **Background**

  A.   **Procedural History**

On June 17, 2024, the FTC filed its Complaint along with Plaintiff's *Ex Parte* Recommendation for a Temporary Receiver.  Doc. 1.

Following negotiations, the FTC, Sloan Health Products, and Mr. Garg reached an agreement and on September 16, 2024, the Court entered the Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief as to Mr. Garg and Sloan Health Products ("Permanent Injunction").  Doc. 98.

On October 18, 2024, the Receiver filed his Notice of Expansion of Receivership seeking to expand the Receivership to include an additional entity, Shilin Investments, LLC ("Shilin Investments").  Doc. 105.  Mr. Garg objected, Doc. 106, and the Notice of Expansion of Receivership was withdrawn, Doc. 109.  In November 2024, the Receiver on behalf of Sloan Products filed a lawsuit against Shilin Investments in a case styled *Sloan Health Products, LLC and Legion Media, LLC, by Mark J. Bernet, as their Receiver v. 11th Street Condo Owner II, LLC and Shilin Investments, LLC*, Case No.: 8:24-cv-2572-JLB-CPT.  That case remains pending.

Pursuant to the Permanent Injunction, the Receivership was scheduled to conclude by January 15, 2025.  *See*, *e.g.*, Doc. 98.  In January 2025, the Receiver moved to extend the Receivership.  Doc. 114.  Mr. Garg opposed the motion.  Doc.

2

116. On February 12, 2025, the Court granted the Receiver's motion and extended the Receivership to August 12, 2025, stating however, that "the Court is mindful that this case has been pending for eight months, and it is hopeful that resolution is near." Doc. 118.

### B.  The Subpoena

On April 14, 2025, seven months after Mr. Garg settled with the Plaintiff, Doc. 98, and two months after the Court expressed its hope that this matter will be concluded shortly, Doc. 118, the Receiver served on Mr. Garg the Notice of the Subpoena. The Subpoena seeks documents from a non-party, Pharma-Natural Inc. ("Pharma-Natural"). *See* Exhibit A. A few days later, April 17, 2025, the Receiver served the Subpoena on Pharma-Natural.

#### 1.  The Subpoena requests

The requests to Pharma-Natural contained in the Subpoena can be summarized as seeking the production of documents reflecting or containing the following categories of information, all from July 1, 2024, forward:

- Requests 1-3: Communications between Pharma-Natural and Patricia Ohab, Toro Natural Labs, or Toro Labs.

- Requests 4-19: Funds received by or transferred to Pharma-Natural from Ms. Ohab, Toro Natural Labs, or Toro Labs; any entity owned or controlled by

- Ms. Ohab, Toro Natural Labs, or Toro Labs; and/or Mr. Garg or any entity owned or controlled by Mr. Garg.

- Requests 20-21: Efforts by Ms. Ohab, Toro Natural Labs, Toro Labs, and/or Mr. Garg, to obtain orders for the manufacture of product from or for Vitametica, Inc.

- Request 22: Communications between Pharma-Natural and Paul Bobrowski relating to Formulas BK3742, BK3746 and BK3747.

- Request 23: Communications between Pharma-Natural and Paul Bobrowski relating to any agreement between him and Sloan Health Products, LLC or F & B Cosmetics, LLC, restricting his ability to compete with them or use their proprietary information.

- Request 24: Master Formula Approval Forms Pharma-Natural has asked Paul Bobrowski to review, approve or complete.

- Request 25: Purchase orders for the manufacture of product Pharma-Natural has received from Vitametica, Inc.; and

- Request 26: Funds Pharma-Natural has received from Vitametica, Inc., for any purpose.

### 2. The relevant parties/entities

For the Court's reference, the individuals and entities whose information is requested in the subpoena are as follows:

Sloan Health Products, LLC ("Sloan") and F & B Cosmetics, LLC ("F&B") are Receivership entities.

Pharma-Natural, the recipient of the subpoena, is a manufacturer of personal care products.

Ms. Ohab is Mr. Garg's ex-wife and a former employee of Sloan Health Products, LLC.

Toro Natural Labs, Ltd. and Toro Labs, Ltd. (collectively "Toro") are businesses incorporated in Ontario, Canada. Both companies are owned by Ms. Ohab. Toro Natural Labs, Ltd., brokers the manufacturing of private-label personal care products. Toro Labs, Ltd., is a defunct corporation.

Vitametica, Inc. appears to be a reference to Vitamedica, Inc. ("Vitamedica"). Vitamedica is a former client of Sloan that ended its relationship with the company when it was taken over by the Receiver as Vitamedica did not wish to do business with a company in receivership.

Paul Bobrowski is a former subcontractor for Sloan. His relationship with Sloan was terminated after the establishment of the Receivership. After Sloan

ended its relationship with Mr. Bobrowski, he began a subcontractor relationship with Toro.

<u>Formulas BK3742, BK3746 and BK3747</u> are proprietary and trade secret formulas for products Toro contracts with Pharma-Natural to prepare. These formulas are Toro's intellectual property.

<u>Master Formula Approval Forms</u> are forms the manufacturer uses to send formulas to the customer for approval before a product is manufactured. They may contain formulas that are trade secret and proprietary.

## II. The Court should enter a protective order

The Court should enter a protective order regarding all requests that relate to Mr. Garg. The subpoena's requests relating to Mr. Garg are not relevant to any issue in this case. Mr. Garg settled with the FTC seven months ago. The documents the subpoena requests are not pertinent to the litigation that is presently pending between the Receiver and Mr. Garg and are not being sought in that litigation. Instead, as to Mr. Garg, the Receiver's requests amount to a fishing expedition.

Pursuant to Fed. R. Civ. P. 26(c)(1), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ." The decision to enter a protective order is within the Court's discretion and does not depend on a legal privilege. *See Auto-Owners*

*Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (citing *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985)); Fed. R. Civ. P. 26(c)(1); *Absolute Activist Value Master Fund Ltd. v. Devine*, 2016 WL 11784297, at *7 (M.D. Fla. Dec. 21, 2016), objections overruled, 2017 WL 991476 (M.D. Fla. Mar. 15, 2017)).  A party "clearly ha[s] standing to move for a protective order if [a] subpoena[] seek[s] irrelevant information." *Id.*

The Court recognized in *Auto-Owners Ins. Co.* that while the scope of discovery under Rule 26 is broad, it "is not without limits." 231 F.R.D. at 430; *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (recognizing that "discovery, like all matters of procedure, has ultimate and necessary boundaries"). "Discovery of matters 'not reasonably calculated to lead to discovery of admissible evidence' is not within the scope of Rule 26(b)(1).'" *Auto-Owners Ins. Co.*, 231 F.R.D. at 430 (quoting *Oppenheimer Fund*, 437 U.S. at 352).  The Court in *Auto-Owners Ins. Co.* agreed that discovery that was "irrelevant because it does not relate to a claim or defense by the parties" was "improper," where the discovery sought was "grossly overbroad and irrelevant." *Id.*  Accordingly, the Court entered a protective order as to the overbroad, irrelevant discovery requests. *Id.*

Here, each of the requests relating to Mr. Garg is overbroad and irrelevant. Specifically, the Receiver has requested from Pharma-Natural the following categories of documents relating to Mr. Garg:

7

10. All documents constituting, referring to, reflecting or relating to any funds received by you, directly or indirectly, from Manindra Garg, since July 1, 2024.

11. All documents constituting, referring to, reflecting or relating to any funds received by you, directly or indirectly, from any entity owned or controlled, either in whole or in part, by Manindra Garg, since July 1, 2024.

…

15. All documents constituting, referring to, reflecting or relating to any funds transferred by you, directly or indirectly, to Manindra Garg, since July 1, 2024.

16. All documents constituting, referring to, reflecting or relating to any funds transferred by you, directly or indirectly, to any entity owned or controlled, either in whole or in part, by Manindra Garg, since July 1, 2024.

…

20. All documents constituting, referring to, reflecting or relating to efforts by … Manindra Garg … to obtain orders for the manufacture of product from Vitametica, Inc., since July 1, 2024.

Ex. A.

None of these requests have any conceivable relevance to this matter. They could not – the FTC settled with Mr. Garg approximately nine months ago. Nor do these requests relate to the Receiver's pending litigation against the company Mr. Garg is a part owner of, Shilin Investments. And in any event, any requests

relating to the Shilin Investments litigation should be made in the course of discovery in that case.

Mr. Garg's counsel understand the position of the Receiver to be that the Subpoena requests were made in order to evaluate whether additional litigation is warranted. Such a basis would appear to be a classic example of a "fishing expedition." It is well-established that a protective order should be entered as to discovery requests that are "beyond the scope of the claims and defenses as asserted in [a] case" and that "amount to a fishing expedition." *United States v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 2024 WL 5657163, at *4 (E.D. Tenn. Nov. 4, 2024); *see also C.H. v. Sch. Bd. of Okaloosa Cnty. Florida*, 2020 WL 6572430, at *3 (N.D. Fla. Nov. 4, 2020) (granting protective order regarding third party subpoena for party's cell phone records, noting that "discovery is not meant to be a fishing expedition, and [the party"] ha[d] a personal interest in the privacy of her cell phone records").

The Court should not permit the Receiver to engage in a fishing expedition into Mr. Garg's business matters and business relationships. It should enter a protective order as to each Subpoena request relating to Mr. Garg.

## CONCLUSION

For these reasons, Mr. Garg requests that the Court enter a protective order precluding the production of documents in response to Requests 10, 11, 15, 16, and 20 of the Subpoena as they relate to Mr. Garg.

## CERTIFICATE OF CONFERENCE

Counsel for Mr. Garg has conferred with the Receiver regarding the relief sought in this motion, and the parties engaged in a good faith effort to resolve the dispute but were unable to do so.  Counsel for Mr. Garg has conferred with counsel for the FTC, Darren Lubetzky, who has authorized the undersigned to state that the FTC takes no position on the motion.

Respectfully submitted,

*/s/ Katherine Earle Yanes*
Katherine Earle Yanes
Florida Bar No. 0159727
James E. Felman
Florida Bar No. 0775568
KYNES, MARKMAN & FELMAN, P.A.
Post Office Box 3396
Tampa, FL 33601
(813) 229-1118
(813) 221-6750
KYanes@kmf-law.com
JFelman@knf-law.com
*Counsel for Defendant
Manindra Garg*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 12, 2025, I electronically filed the foregoing with the Clerk of the Court which will send a notice of electronic filing to all counsel of record.

/s/ *Katherine Earle Yanes*
Katherine Earle Yanes