UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL TRADE COMMISSION,

        Plaintiff,                           Case no. 8:24-cv-1459-JLB-AAS

vs.

LEGION MEDIA, LLC, KP COMMERCE, LLC,
PINNACLE PAYMENTS, LLC, SLOAN HEALTH
PRODUCTS, LLC, HARSHIL TOPIWALA,
KIRTAN PATEL, and MANINDRA GARG,

        Defendants.
_____/

**RECEIVER'S NOTICE OF SERVICE OF SUBPOENA TO NON-PARTY**

PLEASE TAKE NOTICE that, MARK J. BERNET, as receiver for Legion Media, LLC, KP Commerce, LLC, Pinnacle Payments, LLC, Sloan Health Products, LLC, Black Window Group, LLC, Cicack Holdings, Inc., F & B Cosmetics, LLC, Face and Body, LLC, HK Distribution, LLC, and Larchwood Distribution, LLC, hereby gives notice that the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in Civil Action, attached hereto as Exhibit 1, will be issued to the following non-party:

    Pharma-Natural Inc.
    c/o Carlos M. Ferreiro, Registered Agent
    14500 NW 60th Ave., Bldg. 7F
    Miami Lakes, FL 33014

Dated this 14th day of April, 2025.

                                        */s/ Mark J. Bernet*
                                        Mark J. Bernet, Receiver
                                        Florida Bar No. 606359
                                        401 E. Jackson Street, Suite 1700
                                        Tampa, Florida 33602
                                        T: (813) 223-7333
                                        F: (813) 223-2837
                                        E-mail: mark.bernet@akerman.com
                                        Secondary: caren.deruiter@akerman.com

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served by via e-mail to: Darren H. Lubetzky, Esquire, e-mail dlubetzky@ftc.gov; Karen Dahlberg O'Connell, Esquire, e-mail koconnell@ftc.gov; Vikram Jagadish, Esquire, e-mail vjagadish@ftc.gov; Stephen R. Freeland, Esquire, sfreeland@grsm.com; James E. Felman, Esquire, e-mail JFelman@kmf-law.com; Katherine E. Yanes, Esquire, e-mail KYanes@kmf-law.com; Janelly Crespo, Esquire, janelly.crespo@dklapiper.com; Austin K. Brown, Esquire, Austin.brown@dlapiper.com; Eric Forni, Esquire, e-mail eric.forni@us.dlapiper.com; David Stier, Esquire, e-mail david.stier@us.dlapiper.com; Constantine Economides, Esquire, ceconomides@dynamisllp.com; Eric S. Rosen, Esquire, e-mail erosen@dynamisllp.com, and Robert K. Tucker, II, Esquire, e-mail rtucker@grsm.com and mbperez@grsm.com this 14th day of April, 2025.

                                                      */s/ Mark J. Bernet*
                                                      Mark J. Bernet, Receiver

# Exhibit "1"

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| Federal Trade Commission <br> *Plaintiff* <br> v. <br> Legion Media, LLC, et al. <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 8:24-cv-1459-JLB-AAS |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Pharma-Natural Inc.
c/o Carlos M. Ferreiro, Registered Agent
14500 NW 60th Ave., Bldg. 7F
Miami Lakes, FL 33014

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Exhibit "A"

| Place: Akerman LLP <br> 98 Southeast Seventh St., Ste. 1100 <br> Miami, FL 33131 | Date and Time: <br> 05/14/2025 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/14/2025

CLERK OF COURT

OR

_____     /s/ Mark J. Bernet
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Mark J. Bernet, Receiver, who issues or requests this subpoena, are:
Mark J. Bernet, Esq., 401 E. Jackson St., Ste. 1700, Tampa, FL 33602, mark.bernet@akerman.com, (813) 223-7333

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 8:24-cv-1459-JLB-AAS

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT "A"
## (Documents to be produced by Pharma-Natural Inc.)

You are commanded to produce, for inspection and copying, the documents described below, within 30 days, or within such other time as may be authorized or agreed.

## DEFINITIONS AND INSTRUCTIONS

A.    The words "you," "your" and "yours" means Pharma-Natural Inc. and all persons or entities acting or purporting to act on its behalf.

B.    The word "document" means every writing and record of all types or descriptions, whether originals, duplicates, or copies, exact or not exact, with and without notations or marginalia, drafts, preliminary, proposed or final, executed or unexecuted, wherever located, however produced, stored or reproduced, computer printouts, photographs, motion pictures, recordings, tapes, memoranda, e-mail messages, text messages, instant messages, electronically stored information, transcripts of telephone conversations and any other retrievable data, all other things on which or in which words, figures, notations or drawings are affixed or sounds are recorded, and all material underlying, supporting or used in the preparation thereof, including but not limited to, files, file jackets, bids, commitments, proposals, letters of intent, contracts, correspondence, telegrams, telex messages, telecopier messages, notes, memoranda, diaries, calendars, worksheets, summaries, lists, computations, financial statements, book entries, reports, instructions, notebooks, minutes, plans, drawings, sketches, graphs, charts, descriptions, sales agreements, sales slips,

purchase orders, invoices, shipping documents, charge slips, deposit slips, checks, check stubs, and vouchers.

  C. The term "relating to" means concerning, respecting, referring to, summarizing, digesting, reflecting, establishing, tending to establish, tending not to establish, evidencing, connected with, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, including, as well, embodying, constituting and comprising.

  D. The term "Ohab" means Patricia Ohab, a/k/a Trish Ohab.

  E. The term "Toro Natural Labs" means "Toro Natural Labs, Ltd." **NOTE THAT THIS IS A DIFFERENT ENTITY THAN TORO LABS LTD.**

  F. The term "Toro Labs" means Toro Labs Ltd. **NOTE THAT THIS IS A DIFFERENT ENTITY THAN TORO NATURAL LABS LTD.**

  G. The term "Receiver" means Mark J. Bernet, in his capacity as a federal equity receiver for the Receivership Entities.

  H. The term "Receivership Entities" means the following:

- Legion Media, LLC
- KP Commerce, LLC
- Pinnacle Payments, LLC
- Sloan Health Products, LLC
- Black Window Group, LLC
- Cicack Holdings, Inc.
- F & B Cosmetics, LLC
- Face and Body, LLC
- H & M Distribution, LLC
- HK Distribution, LLC
- Larchwood Distribution, LLC

2

I. The term "FTC" means the Federal Trade Commission, an agency of the United States of America.

J. If you decline to produce any document on the basis of any privilege known in the law, you are requested to provide, at or prior to the designated time for production, the following written information pertaining to such document:

    a. its date or, if not dated, the date it was prepared or received;

    b. the type of document (e.g., letter, memorandum, telegram, chart, photograph, reproduction, etc.);

    c. its author and the author's business and residence addresses;

    d. its present location;

    e. the identify and business and residence addresses of the person with custody of the document;

    f. a general description of its contents;

    g. the number of pages thereof;

    h. the identity of each person who received or was shown the original or a copy, and the relationship of such person(s) to any party to this litigation;

    i. whether the document contains or relates to facts or opinions, or both; and

    j. the exact nature of the privilege claimed.

DOCUMENTS TO BE PRODUCED

1. All documents constituting, referring to, reflecting or relating to any communications between you and any Ohab, since July 1, 2024.

2. All documents constituting, referring to, reflecting or relating to any communications between you and Toro Natural Labs, since July 1, 2024.

3. All documents constituting, referring to, reflecting or relating to any communications between you and Toro Labs, since July 1, 2024

4. All documents constituting, referring to, reflecting or relating to any funds received by you, directly or indirectly, from Ohab, since July 1, 2024.

5. All documents constituting, referring to, reflecting or relating to any funds received by you, directly or indirectly, from Toro Natural Labs, since July 1, 2024.

6. All documents constituting, referring to, reflecting or relating to any funds received by you, directly or indirectly, from Toro Labs, since July 1, 2024.

7. All documents constituting, referring to, reflecting or relating to any funds received by you, directly or indirectly, from any entity owned or controlled, either in whole or in part, by Ohab, since July 1, 2024.

8. All documents constituting, referring to, reflecting or relating to any funds received by you, directly or indirectly, from any entity owned or controlled, either in whole or in part, by Toro Natural Labs, since July 1, 2024.

9. All documents constituting, referring to, reflecting or relating to any funds received by you, directly or indirectly, from any entity owned or controlled, either in whole or in part, by Toro Labs, since July 1, 2024

10. All documents constituting, referring to, reflecting or relating to any funds received by you, directly or indirectly, from Manindra Garg, since July 1, 2024.

11. All documents constituting, referring to, reflecting or relating to any funds received by you, directly or indirectly, from any entity owned or controlled, either in whole or in part, by Manindra Garg, since July 1, 2024.

12. All documents constituting, referring to, reflecting or relating to any funds transferred by you, directly or indirectly, to Ohab, since July 1, 2024.

13. All documents constituting, referring to, reflecting or relating to any funds transferred by you, directly or indirectly, to Toro Natural Labs, since July 1, 2024.

14. All documents constituting, referring to, reflecting or relating to any funds transferred by you, directly or indirectly, to Toro Labs, since July 1, 2024.

15. All documents constituting, referring to, reflecting or relating to any funds transferred by you, directly or indirectly, to Manindra Garg, since July 1, 2024.

16. All documents constituting, referring to, reflecting or relating to any funds transferred by you, directly or indirectly, to any entity owned or controlled, either in whole or in part, by Manindra Garg, since July 1, 2024

17. All documents constituting, referring to, reflecting or relating to any funds transferred by you, directly or indirectly, to any entity owned or controlled, either in whole or in part, by Ohab, since July 1, 2024.

18. All documents constituting, referring to, reflecting or relating to any funds transferred by you, directly or indirectly, to any entity owned or controlled, either in whole or in part, by Toro Natural Labs, since July 1, 2024

19. All documents constituting, referring to, reflecting or relating to any funds transferred by you, directly or indirectly, to any entity owned or controlled, either in whole or in part, by Toro Labs, since July 1, 2024

20. All documents constituting, referring to, reflecting or relating to efforts by Ohab, Toro Natural Labs, Toro Labs, or Manindra Garg, or some or all of them, to obtain orders for the manufacture of product from Vitametica, Inc., since July 1, 2024.

21. All documents constituting, referring to, reflecting or relating to efforts by you to obtain orders for the manufacture of product from Vitametica, Inc., since July 1, 2024.

22. All documents constituting, referring to, reflecting or relating to communications between you and Paul Bobrowski relating in any way to Formulas: BK3742, BK3746 and BK3747, since July 1, 2024.

23. All documents constituting, referring to, reflecting or relating to communications between you and Paul Bobrowski relating in any way to any agreement between him and either Sloan Health Products, LLC or F & B Cosmetics, LLC, or both, restricting his ability to compete with Sloan Health Products, LLC or F & B Cosmetics, LLC, or both, or to use their proprietary information, since July 1, 2024.

24. All documents constituting, referring to, reflecting or relating to any Master Formula Approval Forms you asked Paul Bobrowski to review, approve or complete, since July 1, 2024.

25. All documents constituting, referring to, reflecting or relating to all purchase orders for the manufacture of product you received from Vitametica, Inc., since July 1, 2024.

26. All documents constituting, referring to, reflecting or relating to all funds received by you from Vitametica, Inc., for any purpose, since July 1, 2024.

80953270;1