UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FEDERAL TRADE COMMISSION,**

      **Plaintiff,**

v.                                                   **Case No.: 8:24-cv-1459-JLB-AAS**

**LEGION MEDIA, LLC, et al..,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Non-Party Sticky.io (Sticky) moves for reimbursement of discovery costs and expenses from the receivership estate. (Doc. 129). Mark J. Bernet (the Receiver), as receiver for Legion Media, LLC, KP Commerce, LLC, Pinnacle Payments, LLC, Sloan Health Products, LLC, Black Window Group, LLC, F&B Cosmetics, LLC, Face and Body, LLC, H & M Distribution, LLC, HK Distribution, LLC, and Larchwood Distribution, LLC (Receivership Entities), opposes the motion. (Doc. 130). For the reasons stated below, it is **RECOMMENDED** that Sticky's motion be **DENIED**.

## I.    BACKGROUND

On June 17, 2024, Plaintiff Federal Trade Commissioner (FTC) filed this action alleging that the defendants' businesses violated various federal laws.

(Doc. 1). On June 18, 2024, the court entered an *Ex-Parte* Temporary Restraining Order (TRO) that, among other things, enjoined the defendants from business activities that violated federal law. (Doc. 17). The TRO also appointed the Receiver to take control of the defendant entities to examine their business practices and suspend their business operations unless the Receiver determined they could be continued legally and profitably. (*Id.*, p. 25).

The TRO included provisions that any electronic data host (such as Sticky) that received notice of the TRO was enjoined from:

> [d]estroying, erasing, falsifying . . . concealing . . . or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to: (1) the business, business practices, Assets, or business or personal finances of any Defendant; (2) the business practices or finances of entities directly or indirectly under the control of any Defendant; or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant.

(*Id.*, p. 19). The TRO also directed the Receiver to allow FTC representatives, agents, and assistants, as well as defendants, reasonable access to all documents in the possession, custody, or control of the Receivership Entities. (*Id.*, p. 25). The TRO does not include any provision addressing the Receiver's obligation to compensate these non-parties for compliance.

Under three separate orders imposing permanent injunctions and monetary judgments, the court approved settlements between the FTC and the

2

Receivership Entities. (Docs. 97, 98, 99). The settlement orders continued the receivership and imposed additional duties on the Receiver. (*Id.*). On February 14, 2025, the court extended the receivership through August 12, 2025. (Doc. 118). The court also confirmed that the Receiver retained the same powers as granted under the court's TRO. (*Id.*).

Sticky now moves for an order requiring the Receiver to reimburse Sticky for $68,611.00 from the receivership estate for compliance with the TRO. (Doc. 129). These expenses include: (1) Sticky's costs and expenses for responding to Receiver's disproportionate ESI demands and (2) the financial harm Sticky suffered when Receiver caused Sticky's platform to "crash" while performing database searches. (*Id.*, p. 3). The Receiver opposes Sticky's motion as procedurally and substantively defective. (Doc. 130).

## II.    ANALYSIS

Sticky lacks standing to bring this motion because it is not a party and has not moved to intervene. Rule 24, Fed. R. Civ. P., addresses intervention as of right and permissive intervention.

Rule 24(a)(2), Fed. R. Civ. P., governing intervention as of right, provides that on timely motion a court should permit a non-party to intervene if the non-party claims an interest relating to the property or transaction that is the

subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. The movant must satisfy a four-pronged test: (1) the application to intervene must be timely; (2) the prospective intervenor must show an interest relating to the property or transaction which is the subject of the litigation; (3) the prospective intervenor must be so situated that disposition of the action, as a practical matter, may impede or impair its ability to protect that interest; and (4) the proposed intervenor's interest must be represented inadequately by existing parties. *Stone v. First Union Corp.*, 371 F.3d 1305, 1309 (11th Cir. 2004).

Rule 24(b) governs permissive intervention. The Eleventh Circuit has developed a two-part test a non-party must satisfy to be permitted to permissively intervene: "(1) his application to intervene is timely; and (2) his claim or defense and the main action have a question of law or fact in common." *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). Even if the movant meets both requirements, the trial court retains discretion to deny the request, and such a ruling may be reviewed only for abuse. *Id.*

If Sticky requests to modify the TRO to include a compensation provision, it must have moved to do so after intervening. *See FTC v. MOBE*

4

*Ltd.*, No. 6:18-cv-862-Orl-37DCI, 2018 WL 4960232, at *4–5 (M.D. Fla. August 8, 2018) (holding that a non-party requesting to modify a TRO must successfully intervene to establish standing). Sticky has not moved to intervene. In addition, Sticky filed this motion almost eleven months after the court entered the TRO. Thus, any request for intervention would fail the "timeliness" element required for intervention of right and permissive intervention. Because Sticky has not moved to intervene, it lacks standing to request reimbursement of discovery costs and expenses from the receivership estate.

As support for its motion, Sticky cites various cases where courts awarded costs incurred by non-parties who responded to subpoenas or other discovery requests under Rule 45, Fed. R. Civ. P. However, the Receiver did not serve Sticky with a subpoena or discovery request, and Sticky cites no law supporting that costs can be awarded under Rule 45 or any other discovery rule when no subpoena or discovery is served.

## III.    CONCLUSION

For the reasons stated, it is **RECOMMENDED** that Sticky's motion for reimbursement of discovery costs and expenses from the receivership estate (Doc. 129) be **DENIED**.

**ENTERED** in Tampa, Florida, on June 5, 2025.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.