UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.                                              Case No:  8:24-cv-01459-JLB-AAS

LEGION MEDIA, LLC, KP
COMMERCE, LLC, PINNACLE
PAYMENTS, LLC, SLOAN HEALTH
PRODUCTS, LLC, HARSHIL
TOPIWALA, KIRTAN PATEL and
MANINDRA GARG,

    Defendants.
_____/

## ORDER

The Magistrate Judge has entered a Report and Recommendation (Doc. 147), recommending that the Receiver's, Mark J. Bernet's, Verified Second Application for Payment for Services Rendered and Costs Incurred by Akerman LLP ("Second Application for Payment") (Doc. 143) be granted in part. The Receiver made a Limited Objection to the Report and Recommendation (Doc. 149).

## BACKGROUND

The Receiver's Second Application for Payment requests authority to pay Akerman $23,725.00 in fees for services rendered from February 1, 2025, through June 30, 2025. (Doc. 143). This fee accounts for 43.3 hours expended by Akerman at a blended hourly rate of $547.92. (*Id.* at 2). The Receiver asks that the two paralegals, Sal Papsidero and Mary McLees, who provided services be billed at an

hourly rate of $300.00, and the attorney, Bentley Harris, be billed at $775.00 per hour. (*Id.* at 6–7). The Receiver also requests authority to pay $150.19 in costs incurred during the same period to Akerman. (*Id.* at 2).

In analyzing the reasonableness of the requested fees and expenses, the Magistrate Judge determined that $150.19 for costs incurred out-of-pocket is a reasonable reimbursement. (Doc. 147 at 8). However, the Magistrate Judge declined to adopt a "blended hourly rate," finding that the total should reflect each biller's rate separately. (*Id.* at 7). The Magistrate Judge further determined that an hourly rate of $300.00 for the paralegals and an hourly rate of $700.00 for the attorney is unreasonable in this community. (*Id.* 147 at 3–6). Instead, the recommendation is that the paralegals be billed at $150.00 per hour and the attorney at $350.00 per hour. (*Id.* at 4–6). Together, the paralegals recorded 20.7 hours, and the attorney recorded 22.6 hours, thus bringing the total recommended fee to $10,350.00. (*Id.* at 7).

The Receiver timely made a limited objected to the Report and Recommendation, objecting only to the hourly rates for the paralegals and attorney. (*See* Doc. 149).

## LEGAL STANDARD

A district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). The district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

## DISCUSSION

The Court agrees with the Report and Recommendation's finding that $150.00 and $350.00 per hour for the paralegals and attorney respectively is reasonable in this community.

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). "[W]here the . . . fees claimed seem expanded . . . the court may make the award on its own experience." *Id.* at 1303. Indeed, "[t]he court . . . is itself an expert on the question [of fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* (quoting *Campbell v. Green,* 112 F.2d 143, 144 (5th Cir. 1940)). The Court may also consider the factors outlined in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Id.* at 1299.[1]

In objecting to a $350.00 an hour rate for Ms. Harris, the Receiver argues that "Akerman has over 700 lawyers in 23 offices nationwide" and "[t]he lowest standard hourly rate for any of its lawyers is $400[.]" (Doc. 149 at 5). But the

---

[1] The *Johnson* factors include: (1) required time and labor; (2) difficulty of the questions; (3) skill needed to properly perform the legal service; (4) preclusion of other employment due to acceptance of the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limits imposed by circumstances or the client; (8) amount involved and obtained results; (9) experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) nature and length of the professional relationship with the client; and (12) fee awards in similar cases. *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

relevant question the Court must consider is not the prevailing rate at the attorney's law firm; rather, the question is the "prevailing market rate in the relevant legal community[.]" *Norman*, 836 F.2d at 1299.

The Receiver further argues that the affidavits attached to the Second Application for Payment submitted by Edwin G. Rice and Noel R. Boeke lend support on the issue of hourly rates. (Doc. 149 at 3–4). Mr. Rice's affidavit focuses only on the paralegals hourly rate. (*See* Doc. 143-2). Mr. Rice concluded that $300.00 is a reasonable hourly rate for the paralegals here because paralegals with similar experience "routinely charge more . . . at my firm." (*Id.* at ¶ 5). Again, the relevant question is not what a specific firm or firms charge but what the market in this legal community charges. *See Norman*, 836 F.2d at 1299.

Turning to Mr. Boek's affidavit, though he does attest that paralegals and attorneys with the similar levels of experience routinely charge $300 and $775 an hour respectively in the Tampa legal market, the affidavit is devoid of any more detail. (*See* Doc. 143-3). "The weight to be given opinion evidence [is] affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge." *Norman*, 836 F.2d at 1299, 1304 ("This sort of affidavit might properly be characterized by a reviewing court as one given out of courtesy, but it provides little or no evidentiary support for an award.").

Considering its own experience in evaluating reasonable fees in this community, the Court finds that $150.00 per hour for paralegals, Ms. Papsidero and Ms. McLees, and $350.00 an hour for Ms. Harris is appropriate.

Ms. Harris is a 2008 law graduate who assists companies in formation, governance, and general corporate law, as well as protection and enforcement of intellectual property assets. (Doc. 143 at 4–5). Ms. Harris also assists companies with labor and employment issues, such as negotiation of employment agreements and compliance with state and federal employment laws. (*Id.*). During the relevant time here, Ms. Harris negotiated and prepared manufacturing agreements with customers of Sloan Receivership Entities, which provides value to companies as the Receiver markets them. (*Id.* at 5). In assisting the Receiver, Ms. Harris also negotiated the terms of a sublease and prepared the necessary documentation. (*Id.*). Given Ms. Harris's level of experience and assistance to the Receiver, the Court finds that a fee of $350 an hour is reasonable in this community. *See Sarno v. Oviedo Beautiful Flowers & Gifts, Inc.*, No. 6:19-CV-1873-ORL-LRH, 2020 WL 13597939, at *2 (M.D. Fla. Sept. 3, 2020) (finding $350.00 per hour to be a reasonable fee for an attorney with over twenty-five years of experience reasonable); *Bishop v. VIP Transportation Grp., LLC*, No. 615CV2118ORL22KRS, 2017 WL 1533834, at *4 (M.D. Fla. Apr. 7, 2017), report and recommendation adopted, No. 615CV2118ORL22KRS, 2017 WL 1518133 (M.D. Fla. Apr. 27, 2017) (finding that $350.00 an hour is a reasonable fee in Central Florida's legal market for an attorney with over twenty years of experience as a labor and employment attorney).

Paralegals Ms. Papsidero and Ms. McLees are likewise experienced professionals who assisted the Receiver in reviewing records, preparing reports, and working on a discovery motion. (Doc. 143 at 7–8). Given their levels of experience and work on this matter, the Court find that a fee of $150.00 is reasonable in this community. *See Fed. Trade Comm'n v. Ecom Genie Consulting LLC,* No. 24-CV-23976, 2025 WL 2498127, at *2 (S.D. Fla. July 30, 2025) (finding that an hourly rate of $150.00 was reasonable for paralegals Ms. Papsidero and Ms. McLees at Akerman); *Fed. Trade Comm'n v. Mobe Ltd.*, No. 618CV862ORL37DCI, 2019 WL 7502748, at *3 (M.D. Fla. Dec. 23, 2019), report and recommendation adopted, No. 618CV862ORL37DCI, 2020 WL 94569 (M.D. Fla. Jan. 8, 2020) (finding that an hourly rate of $150.00 for a paralegal at Akerman was reasonable).

Thus, the Court finds that the thorough and well-reasoned Report and Recommendation is due to be adopted.

Accordingly, it is **ORDERED** that:

1. The Report and Recommendation (Doc. 147) is **ADOPTED** and made a part of this Order for all purposes.

2. The Receiver's Verified Second Application for Payment for Services Rendered and Costs Incurred by Akerman LLP (Doc. 143) is **GRANTED in part and DENIED in part**.

3. The Receiver's Limited Objection to the Report and Recommendation (Doc. 149) is **OVERRULED**.

4. The Receiver is authorized to award Akerman LLP $10,350.00 in fees and $150.19 in expenses.

**ORDERED** in Tampa, Florida, on October 20, 2025.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE