**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**FEDERAL TRADE COMMISSION,**

     **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　**Case No.: 8:24-cv-1459-JLB-AAS**

**LEGION MEDIA, LLC, et al.,**

     **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Mark J. Bernet (the Receiver), as receiver for Legion Media, LLC, KP Commerce, LLC, Pinnacle Payments, LLC, Sloan Health Products, LLC, Black Window Group, LLC, F&B Cosmetics, LLC, Face and Body, LLC, H & M Distribution, LLC, HK Distribution, LLC, and Larchwood Distribution, LLC (Receivership Entities), moves for payment for services rendered by the Rehmann Group (Rehmann), tax accountants for the Receivership Entities, during the period beginning June 30, 2025, through and including January 23, 2026 (the Second Interim Fee Period). (Doc. 164). The Receiver requests to pay Rehmann $27,550.00 as professional fees to the Legion Receivership Entities and $94,321.25 as professional fees to the Sloan Receivership Entities.

After applying $10,070 as the unused portion of the two original $50,000

1

retainers paid, the requested net payment to Rehmann for fees (i) for the Legion Receivership Entities would be $17,480.00, and (ii) for the Sloan Receivership Entities would be $94,321.25. All parties either do not oppose the requested relief or take no position on the requested relief. There is no response in opposition to the Receiver's motion.[1] For the reasons stated below, it is **RECOMMENDED** that the Receiver's motion (Doc. 140) be **GRANTED**.

## I.    ANALYSIS

A lodestar analysis is appropriate for evaluating the reasonableness of fees charged by accountants and non-attorney professionals. *See SEC v. Digges*, No. 6:06-CV-137-ORL-19KRS, 2007 WL 4884110, at *2 (M.D. Fla. Nov. 13, 2007), report and recommendation adopted, No. 6:06-CV-137ORL31KRS, 2007 WL 4403522 (M.D. Fla. Dec. 13, 2007) (stating that "[c]ourts have held that a lodestar-style analysis is appropriate in evaluating the reasonableness of fees charged by accountants and other non-attorney professionals") (citations omitted). In determining the reasonableness of fees, the court must calculate the lodestar. *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983). The lodestar figure is determined by "multiply[ing] the number of hours reasonably

---

[1] *See* Local Rule 3.01(d), M.D. Fla. ("A party may respond to a motion within fourteen days after service of the motion . . . If a party fails to timely respond, the motion is subject to treatment as unopposed.").

expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (internal quotations omitted). The court may consider its own experience as well as the factors outlined in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) to determine the reasonableness of a requested rate.[2]

Rehmann's accountants and other professionals recorded these hours and rates related to the Legion Receivership Entities:

| Name | Hours | Hourly Rate | Amount |
|---|---|---|---|
| Mitchell Hall | 58.00 | $475.00 | $27,550.00 |
| **Minus Retainer** | | | $10,070.00 |
| **Total** | | | $17,480.00 |

---

[2] The *Johnson* factors are: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. Johnson, 488 F.2d at 717-19. The Eleventh Circuit has explained that "district courts may, but are not required to, consider [the Johnson] factors since many 'usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.'" *Mock v. Bell Helicopter Textron, Inc.*, 456 F. App'x 799, 801 (11th Cir. 2012) (quoting *ADA v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 n.1 (11th Cir. 2006)).

(Doc. 164-1, p. 6).

Rehmann's accountants and other professionals recorded these hours and rates related to the Sloan Receivership Entities:

| Name | Hours | Hourly Rate | Amount |
|---|---|---|---|
| Mitchell Hall | 197.3 | $475 | $93,717.50 |
| Lisa Pohl | 0.80 | $475 | $380.00 |
| Kim Otto | 0.25 | $475 | $118.75 |
| Jessica Mohr | 1.40 | $75 | $105.00 |
| **Total** | | | $94,321.25 |

(Doc. 164-1, p. 2).

The Receiver reported that the accounting records and systems for all the Receivership entities were substandard. Throughout the Second Interim Fee Period, Rehmann therefore spent considerable time and effort, first correcting the accounting systems and second preparing tax materials for Black Window Group, Larchwood Distribution, and the rest of the Legion Receivership Entities. In addition to compliance and preparation efforts, Rehmann provided advisory support on several complex tax matters that arose during the information-discovery process. These services contributed to the

receiver's ability to manage tax-related risks and maintain compliance with federal tax regulations, specifically, regarding treating some of the Legion Receivership Entities as a "Qualified Settlement Fund" under IRC Section 468B. (Doc. 164, pp. 6–9).

During the Second Interim Fee Period, Rehmann performed the same tasks for the Sloan Receivership Entities as it performed for the Legion Receivership Entities. This was far more complex than it was for the Legion Receivership Entities because, unlike the Legion Receivership Entities, the Sloan Receivership Entities continued to operate as going concerns. Additionally, Rehmann prepared and filed a 2024 federal income tax return for the Receivership Entities, Sloan Health Products, and H & M Distribution. This was a significant project because it required Rehmann to review and restate most of the company's 2024 financial records and to correct, or direct the correction of, thousands of journal entries. (*Id.*, pp. 9-10).

According to the motion, the requested fees are based on Rehmann's standard hourly rates for corporate and receivership tax accounting matters in Central Florida. (Doc. 164, p. 13). Regarding each billing professional's experience, Mr. Hall has over 38 years of experience. Mr. Hall provided and supervised most of the services in this matter. He is a member of Rehmann's

5

turnaround and restructuring practice. He has practiced extensively in bankruptcy and receivership matters. He is a member of the American Bankruptcy Institute and the National Association of Federal Equity Receivers, where he currently serves on the IRS committee. Along with his experience in bankruptcy and receivership law, Mr. Hall has extensive experience in health care and tax law. (Doc. 164, p. 16).

Lisa Pohl has 25 years of experience. Ms. Pohl is Rehmann's director of state and local tax (SALT). She focuses on identifying tax savings and resolving multi-state issues for domestic and international clients alike. She performs SALT planning, consulting, audit defense, and dispute resolution for all entity types to minimize tax and manage risk. (*Id.*).

Kim Otto has 26 years of experience. Ms. Otto is a member of Rehmann's Advisory and Tax Services. She focuses on state and local tax issues as a member of Rehmann's SALT team. She also performs SALT planning, consulting, audit defense, and dispute resolution for all entity types to minimize tax and manage risk. (*Id.*, p. 17).

Jessica Mohr has 6 years of experience. Ms. Mohr is an administrative tax support professional at Rehmann. She assists clients with the electronic signing and filing of their federal and state income tax returns. She is also

6

responsible for documenting, cataloging, and storing client tax records and tax returns within the firm's document filing system. (*Id.*).

Considering the relevant *Johnson* factors and the court's experience, the undersigned finds the proposed hourly rates and time spent are reasonable. *See Fed. Trade Comm'n v. JPM Accelerated Servs., Inc.,* No. 609CV2021ORL28KRS, 2010 WL 11626760, at *5 (M.D. Fla. July 12, 2010), report and recommendation adopted, No. 6:09-CV-2021-ORL-28KRS, 2010 WL 11626759, at *5 (M.D. Fla. Sept. 24, 2010) (awarding an hourly rate for a forensic accountant with over 20 years of experience of $350.00 in 2019); *Digges*, 2007 WL 4884110, at *4 (M.D. Fla. Nov. 13, 2007) (awarding hourly rates for accountants in a receivership action of $450.00, $400.00, and $350.00 in 2007).

## III.    CONCLUSION

For the reasons stated, it is **RECOMMENDED** that the Receiver's motion for payment of services rendered and reimbursement of expenses incurred by Rehmann (Doc. 164) be **GRANTED** and the court enter an order approving the Receiver's application, awarding Rehmann (i) $27,550.00 as professional fees rendered to the Legion Receivership Entities during the Second Interim Fee Period, and (ii) $94,321.25 as professional fees rendered to

the Sloan Receivership Entities during the Second Interim Fee Period, and authorizing the Receiver to pay Rehmann those amounts (less the remaining $10,070.00 from the retainers already paid).

**ENTERED** in Tampa, Florida, on April 10, 2026.

_Amanda Arnold Sansone_
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.

8