UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL TRADE COMMISSION,

      Plaintiff,

v.                                                          Case No.: 8:24-cv-1459-JLB-AAS

LEGION MEDIA, LLC, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Mark J. Bernet (the Receiver), as receiver for Legion Media, LLC, KP Commerce, LLC, Pinnacle Payments, LLC, Sloan Health Products, LLC, Black Window Group, LLC, F&B Cosmetics, LLC, Face and Body, LLC, H & M Distribution, LLC, HK Distribution, LLC, and Larchwood Distribution, LLC, requests payment of services rendered of $207,375.50 in fees, and reimbursement of $1,225.90 for expenses incurred during the period from March 1, 2025, through July 31, 2025 (Fourth Interim Fee Period). (Doc. 165). Plaintiff Federal Trade Commission (the FTC) does not oppose the Receiver's motion, and the remaining parties take no position.[1] (*Id.*, p. 1). For the reasons

---

[1] No response has been filed, and the time for doing so has expired. *See* Local Rule 3.01(c), M.D. Fla. ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").

1

stated below, it is **RECOMMENDED** that the Receiver's motion be **GRANTED.**

## I.    ANALYSIS

The issue before the court is whether the requested fees and expenses are reasonable.

### A.    The Receiver's Fees

Reasonable compensation for the Receiver is determined by using the lodestar approach. *FTC v. MOBE Ltd.*, No. 6:18-cv-862-Orl-37DCI, 2019 WL 7502748, at *2 (M.D. Fla. Dec. 23, 2019) (citing *SEC v. Aquacell Batteries, Inc.*, No. 6:07-cv-608-Orl-22DAB, 2008 WL 276026, at *3 (M.D. Fla. Jan. 31, 2008)), report and recommendation adopted by 2020 WL 94569 (M.D. Fla. Jan. 8, 2020). The lodestar figure is determined by "multiply[ing] the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (internal quotations omitted). The "lodestar" carries a strong presumption of reasonableness but may be adjusted by the court. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999); *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). The fee applicant must demonstrate reasonableness, which includes "supplying the court with specific and detailed evidence." *Norman v. Hous. Auth. of City of*

2

*Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). In addition, a court may use its own experience in assessing the reasonableness of the requested rate. *Id.*

### 1. The Receiver's Hourly Rate

"[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The court may consider its own experience as well as the factors outlined in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) to determine the reasonableness of a requested rate.[2] *See Norman*, 836 F.2d at 1303. Sufficient evidence often includes the rates lawyers charge in similar circumstances or opinion evidence of reasonable rates. *Id.*

---

[2] The *Johnson* factors are: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. The Eleventh Circuit has explained that "district courts may, but are not required to, consider [the *Johnson*] factors since many 'usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.'" *Mock v. Bell Helicopter Textron, Inc.*, 456 F. App'x 799, 801 (11th Cir. 2012) (quoting *ADA v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 n.1 (11th Cir. 2006)).

The Receiver requests approval of an hourly rate of $415.00. (Doc. 165, p. 3). The Receiver's proposed hourly rate represents approximately a 60 percent discount off his 2025 standard rate of $1,030 per hour. (*See* Doc. 141, p. 3, n. 1). The court has approved the Receiver's requested hourly rate. (*See* Docs. 110, 127, 152).

The Receiver is a 1986 graduate of Notre Dame Law School, where he served on the Notre Dame Law Review. The Receiver holds an AV rating from Martindale-Hubbell and has received numerous receivership appointments in cases involving allegations of fraudulent misconduct and unlawful business practices, including those in this case, from courts in Florida, Georgia, and Illinois. The Receiver has been recognized as "Lawyer of the Year" by Best Lawyers in America for two of the past four years. The Receiver has served as a receiver for more than 150 entities in approximately 25 lawsuits since 2003. (Doc. 165, p. 20).

Considering the Receiver's experience, skill, and lack of objection, the undersigned recommends the court find the Receiver's billing rate of $415.00 per hour is reasonable. *See Commodity Futures Trading Comm'n v. Larralde*, No. 6:23-CV-1445-WWB-DCI, 2024 WL 2132784, at *4 (M.D. Fla. Apr. 26, 2024), report and recommendation adopted sub nom. *Commodity Futures*

*Trading Comm'n v. Valcarce*, No. 6:23-CV-1445-WWB-DCI, 2024 WL 2874641 (M.D. Fla. May 29, 2024) (finding $395.00 per hour rate for receiver is reasonable); *Fed. Trade Comm'n v. First Choice Horizon LLC*, No. 6:19-CV1028-ORL-40LRH, 2020 WL 1431526, at *3 (M.D. Fla. Jan. 15, 2020), report and recommendation adopted, No. 6:19-CV-1028-ORL-40LRH, 2020 WL 1431601 (M.D. Fla. Jan. 31, 2020) (considering several factors in concluding that an hourly rate of $350.00 was reasonable for a court-appointed receiver in the Middle District of Florida in 2020).

### 2. The Receiver's Hours

When billing fees to the receivership estate, the Receiver must exercise proper judgment and should narrow their work to what is reasonable and necessary. *FTC v. Peoples Credit First, LLC*, No. 8:03-cv-2343-T-17TBM, 2005 WL 3981599, at *4 (M.D. Fla. Apr. 19, 2006). To demonstrate the reasonableness of the hours billed, the fee applicant "should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303.

The Receiver requests $207,375.50, representing 499.7 hours of services

5

rendered during the Fourth Interim Period. (Doc. 165-1, pp. 2–13). This includes 19.0 hours recorded during the Third Interim Fee Period that the Receiver withheld from his Third Interim Fee Application.[3] (Doc. 165, p. 3, n. 2, 3).

During the Fourth Interim Fee Period, the Receiver continued to implement turnaround strategies to enable the three Sloan Receivership Companies (Sloan Health Products, F & B Cosmetics, and H & M Distribution) to operate legally and profitably. The Receiver focused on creating usable financial reports for 2024 and the first two quarters of 2025, including monthly income statements, A/R reports, and other financial statements. While the Sloan Receivership Companies have sales and marketing staff, the Receiver spent time during the Fourth Interim Fee Period meeting with various customers for sales and marketing purposes and to explain the receivership and sale process. The Receiver functioned as the CEO of the Sloan Receivership Companies. In that regard, the Receiver was heavily involved in the day-to-day operations of the companies, including handling HR issues, personnel/payroll matters, maintenance needs/schedules, equipment

---

[3] The Receiver does not request reimbursement of 22.0 hours spent during the Fourth Interim Fee Period at this time because he cannot disclose the nature of the services rendered for the excluded time entries.

purchases, and operational matters. After improving the companies' accounting systems to his satisfaction, allowing them to generate reliable financial information, the Receiver worked with his investment bankers and management consultants to create the necessary financial reports. The Receiver prepared and filed the 2023 tax returns for Sloan and the receivership entity Face and Body LLC during the Third and Fourth Interim Fee Periods. (Doc. 165, pp. 5–15).

After a thorough review of the Receiver's time ledger, the undersigned recommends that the court find that the 499.7 hours expended are reasonable.

### B.    The Receiver's Expenses

The Receiver requests $1,225.90, representing out-of-pocket travel-related expenses. The Receiver adequately delineated his out-of-pocket expenses in the expense reports attached to the motion, accompanied by receipts. (Doc. 165-1, pp. 14–22). After a thorough review of the Receiver's receipts, the undersigned recommends that the court find that an award of expenses of $1,225.90 is reasonable.

## II.    CONCLUSION

For the reasons stated, it is **RECOMMENDED** that the Receiver's motion for payment of services rendered, and reimbursement of expenses

7

incurred (Doc. 165) be **GRANTED**, and the Receiver be awarded payment of services rendered of $207,375.50 in fees, and authority to reimburse himself for expenses of $1,225.90.

**ENTERED** in Tampa, Florida, on April 10, 2026.

_Amanda Arnold Sansone_

AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.

8