**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**FEDERAL TRADE COMMISSION,**

     **Plaintiff,**

**v.**                                                                      **Case No.: 8:24-cv-1459-JLB-AAS**

**LEGION MEDIA, LLC, et al.,**

     **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Mark J. Bernet (the Receiver), as receiver for Sloan Health Products, LLC (Sloan) and F&B Cosmetics, LLC (F&B), files its first application for payment for services rendered and reimbursement of costs incurred by Dickinson Wright PLLC (Dickinson). (Doc. 163). The Receiver requests authority to pay Dickinson $128,379.00 as fees for services rendered in three separate litigation matters beginning January 7, 2025, and continuing through November 30, 2025 (First Interim Fee Period). The Receiver also requests authority to reimburse Dickinson $838.97 for costs incurred during the First Interim Fee Period. Finally, the Receiver requests authority to pay $1,870.44 as a sales tax levied on legal services for lawsuits pending in Ontario, Canada. The request is unopposed. (*Id.,* p. 2). For the reasons stated below, it is

1

**RECOMMENDED** that the Receiver's motion be **GRANTED in part and DENIED in part**.

## I.    BACKGROUND

The court directed the Receiver to suspend the business operations of the Receivership Entities unless the Receiver determined that he could operate them "legally and profitably." The Receiver determined that with changes, he could operate Sloan and F&B "legally and profitably," thereby enhancing their value when sold.

As of the Receiver's appointment, Defendant Manindra Garg was in control of Sloan and F&B. Patricia Ohab, was "VP of Operations." Bradley Colbron worked for Sloan and F&B as a junior purchasing manager. The company's employees complained to the Receiver about Ms. Ohab's performance and behavior, and the Receiver also expressed concern that Ms. Ohab provided confidential information to Mr. Garg. The Receiver also determined that Mr. Colbron did not provide any value to the company. The Receiver, therefore, terminated Ms. Ohab's and Mr. Colbron's employment.

The Receiver hired Dickinson to file a lawsuit to enforce Ms. Ohab's non-competition and non-solicitation agreement. While Dickinson was preparing the lawsuit, Mr. Colbron and Ms. Ohab filed lawsuits against Sloan and F&B

in Toronto, Canada, for wrongful termination. The Receiver also hired Dickinson to handle those two lawsuits.

Sloan and F&B filed a lawsuit against Ms. Ohab and her company, Toro Natural Labs (Toro), styled *Sloan Health Products LLC, et al. v. Patricia Ohab, et al.*, Case No. 3:25-cv-00448, in the United States District Court for the Middle District of Tennessee. Sloan and F&B alleged that Ms. Ohab created Toro to engage in the same business as her former employers. Dickinson represented Sloan and F&B in the Tennessee lawsuit.

## II.    ANALYSIS

The issue before the court is whether the requested attorney's fees and expenses are reasonable.

### A.    Attorney's Fees

In determining the reasonableness of fees, the court must calculate the lodestar. *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983). The lodestar figure is determined by "multiply[ing] the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (internal quotations omitted). The "lodestar" carries a strong presumption of reasonableness but may be adjusted by the court. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999); *Bivins v.*

*Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). The fee applicant must establish reasonableness, which includes "supplying the court with specific and detailed evidence." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). In addition, a court may use its own experience to assess the reasonableness of the requested rate. *Id.*

### 1.    Hourly Rate

"[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The court may consider its own experience as well as the factors outlined in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) to determine the reasonableness of a requested rate.[1] *See Norman*, 836 F.2d at 1303. Sufficient

---

[1] The *Johnson* factors are: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. The Eleventh Circuit has explained that "district courts may, but are not required to, consider [the *Johnson*] factors since many 'usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.'" *Mock v. Bell Helicopter Textron, Inc.*, 456 F. App'x 799, 801 (11th Cir. 2012) (quoting *ADA v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 n.1 (11th Cir. 2006)).

evidence often includes the rates lawyers charge in similar circumstances or opinion evidence of reasonable rates. *Id.*

The requested attorney and paralegal fees for the Toronto, Canada, lawsuits are as follows:

| Name | Hourly Rate | Hours Billed | Total |
| --- | --- | --- | --- |
| Wendy Hulton | $855.00 | 10.9 | $9,319.50 |
| Brian Radnoff | $660.00 | 0.4 | $264.00 |
| Renae Pennington | $250.00 | 4.4 | $1,100.00 |
| M. Reid Estes, Jr. | $690.00 | 0.5 | $345.00 |
| Autumn Gentry | $615.00 | 0.1 | $61.50 |
| Pamela Pardee | $320.00 | 0.4 | $128.00 |
| **TOTAL** | | | $13,954.00 |

(Doc. 163-1).

The requested attorney's fees for the Tennessee lawsuits are as follows:

| Name | Hourly Rate | Hours Billed | Total |
| --- | --- | --- | --- |
| M. Reid Estes, Jr. | $690.00 | 103.5 | $71,415.00 |
| Autumn Gentry | $575.00 | 74.8 | $43,010.00 |
| **TOTAL** | | | $114,425.00 |

(Doc. 163-2).

In reviewing Dickinson's requested fees, the court reviewed the declaration of Attorney Hulton, the declaration of Attorney Estes, the affidavit of Stuart Rudner,[2] the declaration of Douglas B. Janney, III, and the declaration of Robert E. Boston.[3] (*See* Docs. 163-3, 163-4, 163-5, 163-6, 163-7). Although the court takes these declarations and affidavits into consideration while determining the reasonableness of the attorney's fees requested, it is well-settled law that the determination of reasonable attorney's fees is left to the sound discretion of the trial judge. *Odum v. Clark*, 748 F.2d 1538, 1540 (11th Cir. 1984). In addition, beyond general statements that the requested attorney's fees are reasonable and customary, no caselaw or examples were provided to support such awards in similar actions.

Attorney Hulton has been admitted to the bar in Ontario for over 30 years. Her practice focuses on product regulation, employment, and business

---

[2] Attorney Rudner is a Barrister and Solicitor for the Bar of Ontario and attests to the reasonableness of the hourly rates requested in the Toronto litigation. (*See* Doc. 163-5).

[3] Attorneys Janney and Boston are licensed to practice in the State of Tennessee and attest to the reasonableness of the rates requested in the Tennessee litigation. (*See* Docs. 163-6, 163-7).

law. Attorney Hulton requests an hourly rate of $855.00. Attorney Radnoff has significant experience in securities and shareholder litigation, defamation litigation, professional liability, estate litigation, class actions, administrative law, competition litigation, employment litigation, and insolvency and receiverships. Attorney Radnoff requests an hourly rate of $660.00. Attorney Estes has been a member of the Tennessee Bar since 1980. He is a partner at Dickinson, with a practice focus in business and employment litigation. Attorney Estes requests an hourly rate of $690.00.

Although the supporting declaration and affidavits are useful, they do not offer sufficient support for Attorney Hulton's requested hourly rate of $855.00. Especially considering that Attorney Hulton's, Attorney Radnoff's, and Attorney Estes's experience and work performed in these actions appear comparable. Thus, the undersigned recommends Attorney Hulton's and Attorney Estes's hourly rates be reduced to Attorney Radnoff's requested hourly rate of $660.00.

Attorney Pennington is a junior associate at Dickinson's Toronto office, where she focuses on labor and employment law. The undersigned finds the requested hourly billing rate of $250.00 is appropriate for Ms. Pennington. However, it is unclear why Paralegal Pardee is billing at a higher hourly rate

7

than Attorney Pennington. Indeed, no information was provided regarding her experience and credentials. Thus, the court recommends Paralegal Pardee's hourly rate be reduced to $150.00.

Attorney Gentry has been a member of the Tennessee Bar since 2000. She is a partner at Dickinson, with a practice focus in commercial litigation, including employment law. It is unclear why Attorney Gentry's hourly rate is $615.00 in the Toronto litigation and $575.00 in the Tennessee litigation. Thus, the undersigned recommends Attorney Gentry's hourly rate for each lawsuit in which she participated be $575.00.

### 2.    Hours Expended

To demonstrate the reasonableness of the hours billed, the fee applicant "should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303.

Dickinson delineated its work on these matters in the time ledgers attached to the instant motion. (*See* Docs. 163-1, 163-2). After a thorough review of these time ledgers, the undersigned recommends that the court find that the hours expended in the three separate litigation matters are

reasonable.

Applying the lodestar method, the table below combines the Toronto and Tennessee litigation, demonstrating the undersigned's recommended fees award:

| Name | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Wendy Hulton | $660.00 | 10.9 | $7,194.00 |
| Brian Radnoff | $660.00 | 0.4 | $264.00 |
| Renae Pennington | $250.00 | 4.4 | $1,100.00 |
| M. Reid Estes, Jr. | $660.00 | 104 | $68,640.00 |
| Autumn Gentry | $575.00 | 79.4 | $45,655.00 |
| Pamela Pardee | $150.00 | 0.4 | $60.00 |
| **TOTAL** | | | $122,913.00 |

Accordingly, the undersigned recommends that Dickinson be awarded its reasonable fees of $122,913.00.

### B.    Expenses

During the First Interim Fee Period, Dickinson recorded expenses totaling $838.97.[4] (*See* Docs. 163-1, 163-2). These expenses include paper copy

---

[4] In the Tennessee Case, Dickinson wrote off $12,199.06 in costs. (Doc. 163, p. 22).

costs, court filing fees, and computerized legal research. (*Id.*). "[R]equests for reimbursement of expenses must be supported by sufficient information for the Court to determine that the expenses are actual and were necessarily incurred." *FTC v. Worldwide Info Servs., Inc.*, No. 6:14-cv-8-Orl-41DAB, 2015 WL 3953761, at \*3 (M.D. Fla. June 29, 2015) (citations omitted). "When out-of-pocket expenses represent legitimate, reasonable expenditures actually incurred by the Receiver . . ., it is reasonable that they should be reimbursed." *SEC v. Kirkland*, No. 6:06-cv-183-Orl-28KRS, 2007 WL 470417, at \*4 (M.D. Fla. Feb. 13, 2007). These expenses should be recovered.

### C.   Taxes

In the federal and provincial governments in Canada, a sales tax is levied on legal services. The Harmonized Sales Tax levied and paid by Dickinson for the legal services is $1,870.44. This tax should be recovered.

### III.   CONCLUSION

For the reasons stated, it is **RECOMMENDED** that the Receiver's motion for payment of services rendered and reimbursement of expenses and taxes incurred by Dickinson (Doc. 163) be **GRANTED in part and DENIED in part** as follows:

10

(1)    The Receiver be granted authority to pay Dickinson $122,913.00 as fees for services rendered in the First Interim Fee Period;[5]

(2)    The Receiver be granted authority to reimburse Dickinson $838.97 for costs incurred during the First Interim Fee Period; and

(3)    The Receiver be granted authority to pay $1,870.44 as a sales tax levied on legal services for lawsuits pending in Ontario, Canada.

**ENTERED** in Tampa, Florida, on April 14, 2026.

_Amanda Arnold Sansone_

AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.

---

[5] The Receiver has paid $42,000 as retainers for the three matters, which will be credited to the total amount awarded.

11